Caruthers, J.,
delivered the opinion of the Court.
This suit was brought to recover the value of eight hogsheads of tobacco, destroyed by fire, in a warehouse in Clarksville, on the night of the 18th of June, 1855, at which it had just before been delivered by Adams, under a written contract of .sale to Williams.
The contract was as follows: “An agreement be- - tween L. G. Williams and R. T. Adams. I have this day sold to said Williams nine hogsheads pf tobacco, more or less, to be delivered in Clarksville, in good order and condition. For said tobacco, when delivered, the said Williams is to pay said Adams six dollars per hundred, and two dollars for each hogshead, in current Tennessee bank notes; as witness our hands and seals. April 18th, 1854.”
In compliance with this agreement, Adams delivered on the 1st, 6th, 12th, and 14th of June, eight hogsheads of tobacco, two on each day, for which he took the receipts of the keepers of the warehouse, Bai’ker *361 & Diffenderfier, in which the number and gross weight of each were set forth. These receipts were in favor of Adams, and were never delivered to Williams, nor had he paid for the tobacco, or performed any act in relation to it, the parties having never met after the delivery and before the fire.
On the 16th of June, 'two days after the delivery, and two days before the fire, Williams addressed the following letter to Adams:
“ Clarksville, June 16, 1854.
“ Mr. Adams :
“Dear Sir: I regret I did not see you the other day. I was confined at home by sickness. I must beg you to wait a little while for the money for your crop of tobacco. For some time past, our banks have been doing nothing, sex that it is out of the question now to get money. I think by the 1st July this state 1 of things will become bettered, if not wholly obviated, when, as usual, money can be had. I will write you again at what time to come down. I will cheerfully pay you interest until a settlement is had, starting from this day. Please let me hear from you.”
It appears from the post-mark on this letter, that it did not reach Adams till after the fire, and nothing further appears in relation to it, except that it reached Adams, and is by him próduced for the purpose of showing that Williams considered the tobacco delivered, and that he was bound to pay for it.
Under this state of facts, the question is, upon whom shall the loss fall? This, as is conceded by *362 the argument on both sides, depends upon the question of delivery — whether that was complete in fact and in law. There is no controversy as to the order and condition of the tobacco. That is well established, by the proof, to have been as required in the contract.
His Honor the Circuit Judge charged to the effect that the delivery was complete, and the title passed to the purchaser; and there was a verdict and judgment for the plaintiff for $823.60, the value of the tobacco at the price agreed upon in the contract.
Adams was, by the contract, to deliver the tobacco “ in Clarksville.” No particular place was designated either in the writing or verbally. In such cases, the law is satisfied, if the most usual and convenient mode, in the kind of trade in question, is adopted by the vendor, having a due regard to the security, interest, and presumed expectations and probable wishes of the vendee. — Story on Sales, § 305. It is not necessary to constitute a good delivery of articles of this description, that it shall be made to the vendee personally. If the agreement be that the articles shall be delivered in a town or city generally, the place must depend very much upon the usages of that particular trade, or, rather, the understanding and intention of the parties, nothing appearing to the contrary, will be construed to have been in conformity to such general usage. If, then, all men, or men generally engaged in the tobacco traffic, have the article delivered at a warehouse, and, more particularly, if it appears, as it does in this case, that this particular dealer had the tobacco purchased by him thus delivered, and mostly *363 at this particular warehouse, tlitfn, so far as the place is concerned, this delivery will be considered in conformity to the contract of parties. Any place in ■ Clarksville would' be a literal compliance with the writing; but its fair interpretation would require it to be at some warehouse, if such was the usual course in- that kind of trade. It is also proved that Williams and his agents were in the habit of directing the delivery of tobacco purchased for him at this warehouse. There can be no question as to this point of the case.
But it is secondly insisted, that although there may be no objections to the place of deposit or the question of delivery, yet the right of property had not been so transferred as to place it at the- risk of the vendee in the warehouse, because the delivery was not complete, as something still remained to be done by the vendor. What else had he to do, under the contract ? It was delivered at the proper place, as we have seen, “in good order and condition,” weighed, and stored away, ready for the buyer, where he was in the habit of ordering tobacco purchased by him to be deposited; at which it was his custom, as well as that of others engaged in the trade, to receive their purchases. But itj is said, before his duties closed and his right to the money accrued, the nett weight of the tobacco must have been ascertained; and, until that time, the risk was not changed.
We do not concur in this position as applicable to the state of facts in this case. There was nothing remaining to be done but the deduction of the weight of the hogsheads from the gross weight; and this was *364 too small a matter to prevent- the transfer of the risk-. It was the duty of the purchaser to be there, by hirri-self or agent, to receive and pay for the tobacco; and Ms failure to do so, will not have the effect to continue the risk of the vendor, who had done all in his power to pass the property, under and in compliance with his contract. Under the circumstances of this case, the warehouse-men may be regarded as his agents, to receive for him; and such is the finding of the jury, under the charge of the Court, on that point.
But all difficulty that might have existed in this case as to the delivery, is cleared away by the acknowledgment of the defendant in his letter. By that it is made manifest that he considered the delivery complete, and that he was then liable for the price agreed upon.
The judgment is affirmed.